# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

FILED at 1 O'clock & 00 min P M
Date 3/4/05

MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

In the matter of: )
) Chapter 13 Case
VERNIE O'NEAL MOODY )
SHERRY RENEE MOODY ) Number <u>04-21398</u>
)
 Debtors )

## ORDER ON MOTION TO DISMISS AND MOTION FOR RELIEF

Debtors filed this petition for joint Chapter 13 protection on August 31, 2004. Kell's Grove, Inc. ("Kell's Grove") filed a Motion for Relief on December 3, 2004, and it filed a Motion to Dismiss on December 6, 2004. This Court conducted an evidentiary hearing on both Motions on January 13, 2005. This Court has jurisdiction over these core proceedings under 28 U.S.C. § 157. Based on the evidence presented at the hearing, the documents filed in the case, and applicable authority, this Court enters the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

Kell's Grove owns subdivided real property that it rents to individuals as sites for manufactured homes. On October 19, 2000, Debtors entered into a lease agreement with Kell's Grove for a lot in the community with payments of $150.00 per month. By its terms, the lease was set to expire on October 19, 2001, but the lease would renew automatically unless either party gave thirty days written notice of termination. Debtors placed a 1999 Redman Homes mobile home

cc: Debtor – Moody
Debtor's Atty – Taylor
Creditor –
Creditor's Atty – Orange
Trustee – Massey
U.S. Trustee –
3/4/05 EP

&AO 72A
(Rev. 8/82)

financed by Green Tree Servicing, LLC ("Green Tree") on the lot.

Prior to filing the Chapter 13 petition before the Court today, Debtors filed a joint Chapter 13 petition ("Case One") on August 13, 2003, and their Chapter 13 plan was confirmed in that case on January 6, 2004. On December 3, 2003, Green Tree filed a Motion for Relief from Stay on the mobile home in Case One. On January 6, 2004, Debtors and Green Tree entered into a consent order denying Green Tree's motion on the condition that Debtors cure the post-petition arrearage. The consent order provided for strict compliance with the terms of the order for one year. On April 21, 2004, Green Tree filed an Affidavit of Default seeking relief from the automatic stay. The Court entered an order granting such relief on May 7, 2004.

At the January 13, 2005, hearing on the Motions at bar, Mrs. Moody testified that after Green Tree received relief from the automatic stay in Case One, Green Tree informed Debtors that it was going to repossess the mobile home. Relying on this information, Debtors vacated the mobile home in May 2004. Mrs. Moody testified that several months after vacating the property, Green Tree informed Debtors that it would not be repossessing the mobile home provided Debtors pay the amount owed on it. Debtors moved back to the mobile home sometime in August 2004. Debtors filed a voluntary dismissal of Case One on August 31, 2004, and they filed this current Chapter 13 petition the same day ("Case Two").

## CONCLUSIONS OF LAW

2

Kell's Grove contends that this Court should grant its Motion to Dismiss because Debtors are ineligible for bankruptcy protection under the terms of 11 U.S.C. § 109(g). Section 109(g) provides in pertinent part:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

In In re Stuart, 297 B.R. 665 (Bankr. S.D. Ga. 2003), this Court held that the application of Section 109(g)(2) is mandatory and subject to judicial interpretation "only when a literal application of the statute would lead to an absurd or unconstitutional result." Id. at 668. In order to prevent such a result, the Court established the following two inquiries to determine a debtor's eligibility: 1) Did the debtor have notice of the filing of the motion for relief prior to requesting dismissal?; and 2) Was the motion for relief fully resolved prior to the time the debtor requested dismissal? Id. at 670.

In order for a motion for relief to be fully resolved, the creditor's rights must be "fully vindicated." Id. at 669. In this context, fully vindicated contemplates that the creditor has exhausted its remedies available under the motion for relief. For example, if the moving creditor recovered its collateral, liquidated it, and any deficiency claim has been either paid or disallowed, then that creditor's rights are fully vindicated. A creditor's rights would also be fully vindicated in the situation in which the debtor and the moving creditor reach a consent agreement denying the

3

motion for relief subject to a strict compliance provision to repay the arrearage, and the debtor repays such arrearage, and the strict compliance term expires. In such a situation, the creditor's rights under the motion are fully vindicated, and it would need to file a second motion for relief in order to recover the collateral.

Debtors contend that granting the motion to dismiss would lead to an absurd result because Debtors and Green Tree fully resolved the Motion for Relief in Case One before Debtors requested dismissal. Mrs. Moody testified that after Debtors vacated the mobile home Green Tree informed them it would be too difficult to remove the home from the lot so Debtors could move back in if they paid the arrearage. Debtors, citing this Court's opinion in Fulton Fed. Sav. & Loan Ass'n v. Milton (In re Milton), 82 B.R. 637 (Bankr. S.D. Ga. 1988), contend that although Green Tree had received relief from the automatic stay, this conversation and the Debtors' subsequent return to the mobile home evidence that the motion was fully resolved.

Contrary to Debtors' representations, the parties had not "fully resolved" the issues raised by the Motion for Relief in Case One as Green Tree's rights had not been "fully vindicated" prior to the dismissal. Indeed, Green Tree filed a Motion for Relief from Stay in the current case on September 27, 2004.[1] In that motion Green Tree asserts, "Said mobile home was repossessed by [Green Tree] on July 14, 2004 and in response to the repossession, the Debtors have now filed the instant bankruptcy case. [Green Tree] submits that this case was filed in bad faith

---

[1] Debtors and Green Tree entered into a consent order denying Green Tree's Motion on the condition that Debtors cure the post-petition arrearage. The consent order provided for strict compliance with the terms of the order for one year. On February 14, 2005, Green Tree filed an Affidavit of Default seeking relief from the automatic stay. The Court granted such relief on February 28, 2005.

4

in order to prevent Movant from proceeding under state law to repossess its collateral, as had previously been authorized by the Bankruptcy Court in the Debtors' prior case [Case One]." Motion for Relief from Stay at ¶ 5 (Ch. 13 Case No. 04-21398)(filed Sept. 27, 2004) Record at 10. Although Green Tree had received relief from the stay, it had not taken possession of the property; therefore, its rights under the motion were not fully vindicated.

Based on the evidence presented and the assertions of Green Tree in its Motion for Relief in the current case, this Court does not find that the Motion for Relief in Case One was "fully resolved" or that Green Tree's rights were "fully vindicated" when Debtors requested a dismissal in Case One. Therefore, Debtors' subsequent filing of the case before the Court today, which on its face violated 11 U.S.C. § 109(g)(2), does not fall within any exception to the statute.

At the hearing, Debtors argued that Kell's Grove could not properly assert a violation of Section 109(g)(2) because it was not the party which sought relief from stay in the prior case. In other words, because Green Tree filed the Motion for Relief in the prior case, it is the only party that has standing to object to Debtors' subsequent filing. However, Debtors provided no legal authority for this position. Furthermore, this Court has held that a motion to dismiss for violation of Section 109(g)(2) can be granted on the motion of a creditor that had not filed for relief from stay in the prior case. Stuart, 297 B.R. at 667. See also Collier on Bankruptcy ¶ 109.08 (15th ed. rev. 2004)("[B]ecause the statute focuses on the debtor's behavior, the party seeking dismissal of the subsequent case need not be the party that sought relief from the automatic stay in the prior case."). Although Green Tree did not object to the filing of Case Two, its rights under the motion

5

for relief were not exhausted and were affected by the filing of Case Two, and all parties to Case Two have standing to raise that point.

## CONCLUSIONS OF LAW

Debtors filed the present case within 180 days of voluntarily requesting dismissal of their prior case while a motion for relief remained unresolved; therefore, I conclude that they are not qualified to be debtors under 11 U.S.C. § 109(g)(2).

Further, the 180 day period prescribed by Section 109(g) is tolled during the pendency of a case filed in violation of that section. *See* In re Wilson, 85 B.R. 72, 73 (Bankr. N.D. Ill. 1988). This case was filed on the same day that Debtors requested the dismissal of Case One. Accordingly, Debtors must wait the entire 180 day period from the date of this Order before filing another bankruptcy petition.

In Stuart, this Court held that Section 109(g)(2) governs only an individual's eligibility for relief and not the power of this Court to afford such relief. For that reason, any relief received prior to the Section 109(g)(2) challenge may not be challenged for lack of jurisdiction of this Court over Debtors. Stuart, 297 B.R. at 670.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Kell's Grove's Motion to Dismiss is GRANTED. Debtors are barred from refiling for 180 days from the

AO 72A
(Rev. 8/82)

date of the entry of this Order.

        IT IS FURTHER ORDERED that Kell's Grove's Motion for Relief from Stay is DENIED as moot.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 4th day of March, 2005.

AO 72A
(Rev. 8/82)